```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
HILLDUN CORPORATION,                                                   :
                                                                       :
                             Plaintiff,                                :
                                                                       :       23 Civ. 3178 (JPC)
                -v-                                                    :
                                                                       :            ORDER
N:PHILANTHROPY LLC et al.,                                             :
                                                                       :
                             Defendants.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Hilldun Corporation filed the Complaint initiating this action on April 17, 2023 against three Defendants: N:Philanthropy LLC ("N:Philanthropy"), Holding Company of Beverly Hills, LLC ("HCBH"), and Yvonne Niami. Dkt. 1. N:Philanthropy is a California LLC with a principal and mailing address of 1132 E 12th Street, Los Angeles, CA 90021, and with Niami as agent for service of process at the same address as the LLC. Dkt. 12-1. HCBH is a California LLC with a principal and mailing address of 301 Copa de Oro Road, Los Angeles, CA 90077, and with Niami as agent for service of process at the same address as the LLC. Dkt. 12-2. On April 18, 2023, process servers acting on Plaintiff's behalf unsuccessfully attempted to effect service at the principal address of N:Philanthropy. Dkt. 12 ("Coy Decl.") ¶ 7; Dkt. 12-3 at 2; Dkt. 12-4 at 2. Subsequently, Plaintiff's counsel located a new address at 341 S Rodeo Drive, Beverly Hills, CA 90212, which was believed to be Niami's most recent address. Coy Decl. ¶ 7. On both April 20, 2023, and April 21, 2023, process servers acting on Plaintiff's behalf unsuccessfully attempted to effect service at the S Rodeo Drive address. *id.* ¶ 8; Dkt. 12-3 at 2; Dkt. 12-4 at 2; on the same date, they also unsuccessfully attempted to effect service at the principal address of HCBH, Coy Decl. ¶ 9; Dkt. 12-5 at 2. Finally, on April 24, 2023, process servers acting on Plaintiff's behalf

unsuccessfully attempted service once again at the principal address of N:Philanthropy, Coy Decl. ¶ 8, Dkt. 12-3 at 3; Dkt. 12-4 at 3, and at the principal address of HCBH, Coy Decl. ¶ 9; Dkt. 12-5 at 2.  Personal service having been unsuccessful, Plaintiff's counsel then decided to serve Defendants via certified mail, relying on provisions of the contracts at issue in this case through which each Defendant waived personal service and consented to service by certified mail.  Coy Decl. ¶ 10; *see also* Dkt. 1-1 § 16(b); Dkt. 1-2 at 3; Dkt. 1-4 at 3.  Therefore, on April 26, 2023, Plaintiff's attempted to effect service on all three Defendants by certified mail, Coy Decl. ¶ 10, using the E 12th Street address for N:Philanthropy, Dkt. 12-7 at 2, and for Niami, Dkt. 12-6 at 2, and using an address for HCBH that does not appear to be disclosed in the record.  Each mailing was returned to the sender.  Coy Dec. ¶¶ 12-13; Dkts. 12-6 to -8.  Plaintiff maintains that Defendants were successfully served through these mailings.

 Plaintiff's attempted service, however, is inadequate under the contracts at issue in this case.  Each of the three contracts cited to establish that Defendants have consented to service by certified mail not only authorizes service by that method but also specifically identifies the address that must be employed to serve by certified mail.  Dkt. 1-1 § 16(b) ("[S]uch service may be made by registered or certified mail to the other party *at the address appearing herein . . . .*"); Dkt. 1-2 at 3 ("[S]ervice . . . may be made by registered or certified mail to the undersigned *at the address appearing herein.*"); Dkt. 1-4 at 3 ("[S]ervice . . . may be made by registered or certified mail to the undersigned *at the address appearing herein.*").  A different address appears in each of the three contracts.  The contract between Plaintiff and N:Philanthropy bears the address of "1385 E 15th Street, Los Angeles, CA 90021."  Dkt. 1-1 at 2.  The contract between Plaintiff and HCBH bears the address "1901 Avenue of the Stars, Suite 1100, Los Angeles, CA 90067."  Dkt. 1-4 at 3.  And the contract between Plaintiff and Niami bears the address "820 N. Whittier Drive, Beverly Hills, CA 90210."  Dkt. 1-2 at 4.  The record does not indicate that Plaintiff effected service to any

2

Defendant via certified mail to any of those three addresses. Nor has Plaintiff cited any contractual or other authority under which certified mail sent to some other address, such as a corporation's registered address, would suffice to satisfy the contractual provisions waiving personal service. Therefore, in the absence either of evidence showing that the certified mailing sent to HCBH on April 26, 2023 employed the Avenue of the Stars address, or of some other basis for concluding that the contractual provisions waiving personal service authorize service by registered or certified mail to some address other than the ones appearing in each contract, Plaintiff has not shown that Defendants have been served successfully.

    SO ORDERED.

Dated: July 6, 2023
       New York, New York

                                              JOHN P. CRONAN
                                        United States District Judge