UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HILLDUN CORPORATION,<br><br>                Plaintiff,<br><br>      v.<br><br>N:PHILANTHROPY LLC; YVONNE NIAMI; and HOLDING COMPANY OF BEVERLY HILLS, LLC,<br><br>                Defendants. | Case No. 23-cv-03178-AS<br><br>**DEFAULT JUDGMENT ORDER** |

The Court having reviewed the complaint, moving papers, and supplementary affidavits, finds as follows:

**Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The complaint alleges that Plaintiff is a citizen of New York while Defendants are citizens of California. Dkt. 1 ¶¶ 4–8. Two of the Defendants are limited liability companies, or "LLCs." A supplementary affidavit filed by Plaintiff after the September 15, 2023, default judgment hearing, indicates that all members of the LLC Defendants are also citizens of California. Dkt. 30; *see also Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) ("[W]hen the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, we may simply deem the pleadings amended so as to properly allege diversity jurisdiction." (citation and internal quotation marks omitted)).

**Service of Process and Default**

The record reflects that proper service of the complaint was made on the Defendants. Dkts. 13, 14. No answer, motion, or other appearance was filed on behalf of Defendants, and the Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a). Dkt. 18. The record also

reflects that proper service of the motion for default judgment on Defendants was made. Dkt. 28. The Court held a hearing on September 15, 2023. Defendants failed to appear at that hearing.

**Liability**

Defendants' defaults constitute "an admission of all well-pleaded allegations against the defending party." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Nevertheless, the Court is "required to determine whether [Plaintiff's] allegations establish [each Defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). After examining the complaint and the motion papers (Dkts. 1, 20–22), I find that Plaintiff has demonstrated that the uncontroverted allegations, which are verified under penalty of perjury, without more, establish the Defendants' liability on the following causes of action:

- Against N:Philanthropy LLC: (1) breach of contract, (2) account stated, (3) money due and owing, (4) unjust enrichment.
- Against Yvonne Niami: (1) Breach of contract, (2) money due and owing.
- Against Holding Company of Beverly Hills, LLC: (1) breach of contract, (2) money due and owing.

**Damages**

Based on the complaint and the account statements attached to the complaint as Exhibit 5, I find that Plaintiff has established damages in a principal amount of $3,053,720.39. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely on affidavits and documents in calculating default damages).

After the September 15, 2023, hearing, Plaintiff also submitted a supplementary affidavit on the issue of prejudgment interest. Dkt. 31. The Court has checked Plaintiff's reading of the contract and its calculations and finds that Plaintiff has correctly calculated prejudgment interest.

That rate (22.815% annually) is permissible under New York law. *See* N.Y. Consol. Laws § 5-501(6)(b). In fact, Plaintiff has requested slightly less than it is due "for ease of calculation," Dkt. 31, so the Court will award that amount: $348,314.98.

In total, then, sum-certain damages are $3,402,035.37 ($3,053,720.39 principal damages plus $348,314.98 prejudgment interest). Plaintiff is also entitled to costs and attorneys' fees under the parties' agreement. Dkt. 1-1 § 10. I find that an inquest hearing is required to address these costs and fees. An Order referring that inquest to the assigned Magistrate Judge will follow.

Costs and attorneys' fees may be calculated and awarded after entry of judgment. *See* Fed. R. Civ. P. 54(d)(1)–(2), 58(e); S.D.N.Y. Local Civ. R. 54.1(a). Therefore, it is hereby ORDERED that final judgment be entered against Defendants in the amount of $3,402,035.37. The Clerk of Court is directed to enter that judgment and close ECF No. 19.

**SO ORDERED.**

Date: September 22, 2023

_____
Arun Subramanian
U.S.D.J.